**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Abe Developments LLC,<br><br>Plaintiff,<br><br>v.<br><br>Auto-Owners Insurance Company, et al.,<br><br>Defendants. | No. CV-25-02792-PHX-KML<br><br>**ORDER** |

Plaintiff Abe Developments LLC leased to non-parties a piece of real property that included a "habitable dwelling." (Doc. 1-1 at 5.) After the non-parties demolished the dwelling, Abe submitted an insurance claim to defendant Auto-Owners Insurance Company. The claim was denied, and Abe filed this suit in state court against its insurance agent, defendant TAG-RH Agency, Inc., and Auto-Owners. After the case was removed to federal court, Auto-Owners filed a motion to dismiss. (Doc. 18.) Abe did not file an opposition.

Local Rule of Civil Procedure 7.2(i) provides that failure to file a response to a motion "may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." Under this rule, the court construes Abe's failure to respond to the motion to dismiss as a consent to the granting of that motion. But the same result is reached by examining the merits and therefore leave to amend is not appropriate.

The insurance policy attached to the motion to dismiss and incorporated by reference into the complaint establishes that non-party Alvin Yono was the only named

insured on a policy covering the real property in Scottsdale. (Doc. 19-1 at 9, 14.) In September 2023, non-parties "tore down, razed and destroyed the entire Dwelling" on the property. (Doc. 1-1 at 9.) For unknown reasons Abe, not Yono, submitted an insurance claim to Auto-Owners in early 2024. That claim was denied. (Doc. 1-1 at 9-10.) Abe then filed this suit alleging six claims against Auto-Owners: breach of contract, breach of the duty of good faith and fair dealing, bad faith denial of insurance claim, fraudulent misrepresentation, constructive fraud, and unjust enrichment. (Doc. 1-1 at 18-3.) Abe also alleged a single claim of negligence against TAG-RH Agency. (Doc. 1-1 at 31-32.) There is no evidence Abe served TAG-RH Agency and TAG-RH Agency has not appeared.

Auto-Owners's central argument in seeking dismissal is that Abe is not an insured under the policy and has no basis to complain that Auto-Owners denied its claim. In general, Arizona law does not allow a non-insured to sue an insurer for breach of contract or for breach of the covenant of good faith and fair dealing. *Fobes v. Blue Cross & Blue Shield of Ariz., Inc.*, 861 P.2d 692, 695 (Ariz. Ct. App. 1993). Because Abe did not oppose the motion to dismiss and no exception to that general rule obviously applies, those two claims must be dismissed without leave to amend. Auto-Owners argues the four remaining claims also fail because they are "based on an alleged 'contract' between [Abe] and Auto-Owners" and there is no such contract. (Doc. 18 at 4.) With no contrary argument from Abe, the absence of a valid contract between Abe and Auto-Owners is fatal to the other four claims. Those claims are dismissed without leave to amend.

Abe filed its original complaint in March 2025 but has not filed proof of service for TAG-RH Agency. (Doc. 1-1 at 3.) Abe must file proof of service of TAG-RH Agency and failure to do so will result in the dismissal of Abe's claims against TAG-RH Agency.

**IT IS ORDERED** the Motion to Dismiss (Doc. 18) is **GRANTED**. All claims against Auto-Owners Insurance Company are **DISMISSED WITHOUT LEAVE TO AMEND**.

/
/

**IT IS FURTHER ORDERED** no later than **October 24, 2025**, plaintiff shall file proof of service for defendant TAG-RH Agency Inc. The Clerk of Court shall enter a judgment of dismissal with prejudice in the event no proof of service for TAG-RH Agency is filed by that date.

Dated this 17th day of October, 2025.

*Krissa M. Lanham*
Honorable Krissa M. Lanham
United States District Judge