**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Abe Developments LLC, et al., | No. CV-25-02792-PHX-KML |
| Plaintiffs, | **ORDER** |
| v. | |
| Auto-Owners Insurance Company, et al., | |
| Defendants. | |

On January 8, 2026, the court allowed plaintiff Alvin Yono's counsel to withdraw. (Doc. 36.) The court also ordered Yono to either arrange for new counsel to file a notice of appearance within seven days, or for Yono to indicate he would proceed without counsel (also within seven days). (Doc. 36 at 2.) Nothing was filed. On January 20, 2026, defendants filed a motion to dismiss all claims based on the inability to communicate with Yono or his possible counsel. (Doc. 41.) The court then issued an order stating it was not clear if Yono "still wishes to pursue this case, but he has already ignored multiple orders requiring certain actions." (Doc. 42 at 2.) The court ordered Yono to file an opposition to the motion to dismiss no later than February 6, 2026. (Doc. 42 at 2.) The court noted the case would be dismissed if Yono did not file an opposition. (Doc. 42 at 2.) Yono did not file an opposition or any other document indicating he wishes to pursue this case.

Yono has a duty to prosecute this case. *Fid. Phila. Tr. Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). In determining whether Yono's failure to prosecute warrants dismissal of the case, the court must weigh five factors: "(1) the public's interest

in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Circ. 1988) (simplified). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Yono has ignored multiple orders and there is no path forward without his participation. In these circumstances, defendants would be prejudiced by allowing this case to continue. The only less drastic sanction realistically available is a dismissal without prejudice. That is appropriate.

Defendant Auto-Owners Insurance Company asserted counterclaims in its answer. (Doc. 25.) The pending motion to dismiss does not state whether the counterclaims should also be dismissed. Auto-Owners Insurance Company must either move to dismiss its counterclaims or file a motion seeking to strike plaintiff's answer to the counterclaims (Doc. 29) such that default judgment can be pursued.

**IT IS ORDERED** the complaint (Doc. 21) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** the motion to dismiss (Doc. 41) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** no later than **February 20, 2026**, defendant Auto-Owners Insurance Company shall either move to dismiss its counterclaims or file a motion to strike the answer.

Dated this 13th day of February, 2026.

Honorable Krissa M. Lanham
United States District Judge