**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Abe Developments LLC, et al., | No. CV-25-02792-PHX-KML |
| Plaintiffs, | **ORDER** |
| v. | |
| Auto-Owners Insurance Company, et al., | |
| Defendants. | |

Plaintiff Alvin Yono filed an amended complaint in October 2025. (Doc. 21.) Defendant Auto-Owners Insurance Company then filed an answer and asserted two counterclaims. (Doc. 25.) Yono answered the counterclaims. (Doc. 29.) After filing his answer, Yono abandoned this case. His attorney withdrew in early January 2026 and later that month Auto-Owners and the other named defendant filed a motion to dismiss claiming they had been unable to contact Yono to prepare a case management report, and they had not heard from him on any other subject. (Doc. 41 at 2.) On January 22, 2026, the court ordered Yono to file a statement explaining whether he wished to pursue his claims. (Doc. 42.) Yono did not file anything.

On February 13, 2026, the court applied the applicable multi-factor test and determined Yono's failure to prosecute warranted dismissal of his claims. (Doc. 43.) The court ordered Auto-Owners to either dismiss its counterclaims or file a motion to strike the answer to the counterclaims. (Doc. 43.) Auto-Owners chose the latter and on February 20, 2026, filed a motion to strike Yono's answer. (Doc. 44.) Yono did not file any opposition.

The motion to strike argues Yono "has failed to participate in any manner in this litigation, and Auto-Owners is unable to proceed" to the merits of its counterclaims. (Doc. 44 at 3.) Auto-Owners relies on the same factors that merited dismissing Yono's claims to argue striking Yono's answer to the counterclaims is appropriate. (Doc. 44 at 2.) The factors are: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012). The first two factors favor striking the answer, the fourth factor weigh against doing so, meaning "the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, Yono has abandoned this case and there is no way for it to progress such that the counterclaims can be resolved on their merits. Auto-Owners would be prejudiced by delaying resolution indefinitely in hope Yono might decide to participate. And given that Yono does not respond to orders, any lesser sanction would not be effective. Weighing the factors together, striking the answer is appropriate.

**IT IS ORDERED** the Motion to Strike (Doc. 44) is **GRANTED**. The Clerk of Court shall **STRIKE** Doc. 29 and enter the default of Alvin Yono. Auto-Owners shall file a motion for default judgment within ten days of the default being entered.

Dated this 20th day of March, 2026.

_____
**Honorable Krissa M. Lanham**
**United States District Judge**