**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Abe Developments LLC, et al., | No. CV-25-02792-PHX-KML |
| Plaintiffs, | **ORDER** |
| v. | |
| Auto-Owners Insurance Company, et al., | |
| Defendants. | |

This case has a strange history that resulted in defendant and counterclaimant Auto-Owners Insurance Company ("Auto-Owners") seeking default judgment against current plaintiff Alvin Yono. (Doc. 48.) Default judgment is appropriate.

This case began when Abe Developments LLC filed suit in state court against Auto-Owners and TAG-RH Agency, Inc. after Auto-Owners denied an insurance claim. (Doc. 1-1 at 18.) Auto-Owners removed the case to federal court and filed a motion to dismiss. (Doc. 18.) That motion argued Abe Developments was "not the named insured (or any insured) on the policy in question." (Doc. 18 at 1-2.) Abe Developments did not respond to the motion to dismiss, and the court granted the motion with leave to amend. (Doc. 20.) TAG-RH had not yet been served or appeared so there was no discussion of the claims against it.

The named insured, Alvin Yono, replaced Abe Developments and Yono filed an amended complaint against the same two defendants. (Doc. 21.) Auto-Owners filed an answer and asserted counterclaims for "recission of policy" and declaratory relief. (Doc.

25.) TAG-RH answered but did not assert any counterclaims. (Doc. 30.) Yono's counsel then moved to withdraw, claiming "[i]rreconcilable difference [had] arisen." (Doc. 35 at 1.) The court allowed counsel to withdraw but warned Yono that if he proceeded without counsel, he would be required to follow the same rules of procedure as all other litigants. (Doc. 36.) The court gave Yono one week to either arrange for new counsel to file a notice of appearance or for Yono to file a statement explaining he would proceed without counsel. Yono did neither. Yono also failed to file a case management report that had been ordered earlier.

A few weeks after counsel withdrew, Auto-Owners and TAG-RH filed a motion to dismiss stating they had been unable to contact the counsel they believed was representing Yono. (Doc. 41.) On January 22, 2026, the court ordered Yono to file a statement no later than February 6, 2026 "explaining his failures to comply with previous deadlines" and to file a response to the motion to dismiss. (Doc. 42 at 2.) The court warned Yono that Local Rule 7.2(i) allows the court to summarily grant unopposed motions and, if he did not respond to the motion to dismiss, his complaint would be dismissed. (Doc. 42 at 2.)

The February 6, 2026, deadline expired without any filings from Yono. On February 13, 2026, the court dismissed Yono's complaint. That ended TAG-RH's involvement in this case but left Auto-Owners's counterclaims pending. The court ordered Auto-Owners to take additional action to resolve those counterclaims. (Doc. 43.) Auto-Owners moved to strike Yono's answer to the counterclaims, and no opposition was filed. (Doc. 44.) On March 23, 2026, the court struck Yono's answer and entered Yono's default. (Docs. 46, 47.) Auto-Owners then moved for default judgment. (Doc. 48.) Yono did not respond to the motion for default judgment.

The court must consider seven factors when deciding whether to enter default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The seven factors are:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* These factors establish default judgment is appropriate.

### 1. Possibility of Prejudice

The first factor regarding possible prejudice to Auto-Owners weighs in favor of default judgment because if "default judgment is not granted, [Auto-Owners] will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

### 2. Merits of the Claims and Sufficiency of the Complaint

The second and third factors require assessing the merits of the Auto-Owners's counterclaims and the sufficiency of its complaint. These factors "are often analyzed together and require courts to consider whether a plaintiff has state[d] a claim on which [it] may recover." *Vietnam Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019) (simplified).

Auto-Owners alleges Yono applied for an insurance policy to cover a property in Scottsdale. (Doc. 25 at 13.) In that application, Yono represented the "Property was to be used as a 'non-owner', occupied (i.e., rental) property." (Doc. 25 at 13.) Yono also represented that no business would be conducted at the property and that the building on the property would not be "undergoing any renovation or construction." (Doc. 25 at 13.) Auto-Owners issued a policy, but Yono's representations were false, Auto-Owners relied on those representations, and it "would not have agreed to issue the Policy" if Yono had told the truth. (Doc. 25 at 15.)

In 2022, Yono acting through Abe Developments leased the property to a tenant who planned "to convert the property into a restaurant." (Doc. 25 at 14.) In approximately August 2023, Yono learned "the building was completely demolished." (Doc. 25 at 14.) The following year, the lease was terminated. Yono submitted an insurance claim "for the loss of and/or damage to the Property and loss of rents." (Doc. 25 at 14.)

Auto-Owners asserts a claim for recission of policy under A.R.S. § 20-1109 and a claim for declaratory relief that the insurance policy "does not apply" to Yono's claim. (Doc. 25 at 15.) Under Arizona law, a claim for rescission requires allegations there was a

- 3 -

"misrepresentation in the insurance application" and "(1) the misrepresentation is fraudulent, (2) the misrepresentation is material either to the acceptance of the risk, or to the hazard assumed by the insurer, and (3) the insurer in good faith would . . . not have issued the policy . . . if the true facts had been made known to the insurer as required either by the application for the policy or otherwise." *James River Ins. Co. v. Hebert Schenk*, P.C., 523 F.3d 915, 920–21 (9th Cir. 2008) (simplified).

Auto-Owners has stated a claim for recission. Yono represented there would be no business conducted on the property and there would be no renovation or construction. Yono then leased the property to a tenant to operate a restaurant, and the building was demolished to make way for new construction.

Auto-Owners also seeks declaratory relief the policy "does not apply to any losses in connection with the Claim presented by Yono." (Doc. 48 at 9.) The insurance policy provided "coverage only for risk of accidental direct physical loss." (Doc. 25 at 15.) The damage at issue was intentional, not accidental, so Auto-Owners seeks declaratory judgment that even if the policy were not void, coverage would not exist.

Auto-Owners has alleged sufficient facts to support both its rescission claim and its claim for declaratory relief. The second and third default judgment factors support entering default judgment.

### 3. Amount in Controversy

The fourth default judgment factor "requires that the court assess whether the recovery sought is proportional to the harm caused by defendant's conduct." *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). When a large sum is at stake, this factor may weigh against default judgment. *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014). Auto-Owners is not seeking any monetary damages, but Yono initially claimed damages of approximately $700,000. (Doc. 1-1 at 19.) That amount weighs against allowing default judgment.

### 4. Dispute Over Material Facts

The fifth factor is whether there are any disputes over material facts. Yono's

decision to stop participating means there is no indication of such disputes. This factor weighs in favor of default judgment.

**5. Excusable Neglect**

There is no evidence that Yono's behavior is the result of excusable neglect. *See Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (defendants' failure to respond to complaint could not "be attributable to excusable neglect" because "[a]ll were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion."). This factor supports default judgment.

**6. Policy Favoring Decisions on the Merits**

The seventh factor recognizes a preference for resolving matters on their merits. This factor, as always, weighs against entry of default judgment. "However, the mere existence of Fed.R.Civ.P. 55(b) indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (simplified).

**7. Default Judgment is Merited**

Balancing the relevant factors, default judgment is appropriate.

**8. Relief**

It is Auto-Owners's burden to prove it is entitled to the relief it seeks. *See Blumenthal Distrib., Inc. v. Comoch Inc.*, 652 F. Supp. 3d 1117, 1131 (C.D. Cal. 2023). Accepting the allegations of the complaint as true, Auto-Owners has established it is entitled to rescind the policy and, if not rescinded, the policy would not cover the intentional damage.

**IT IS ORDERED** the Motion for Default Judgment (Doc. 25) is **GRANTED**. The Auto-Owners policy referenced in the counterclaim is void ab initio because of misrepresentations by Yono in the insurance application. In addition, the Auto-Owners policy referenced in the complaint does not apply to any losses in connection with the claim presented by Yono referenced in the complaint.

/

**IT IS FURTHER ORDERED** the Clerk of Court shall enter judgment in favor of Auto-Owners Insurance Company and against Alvin Yono and close this case.

Dated this 4th day of August, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**